UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LISA COURTNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:03CV20 TIA |
| ) | |
| DR. J. BECKERT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Dr. J. Beckert's Motion for Summary Judgment. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Facts**

According to Plaintiff's Response to Defendant's Motion for Summary Judgment, Defendant accurately set forth the facts in his Statement of Undisputed Material Facts. Thus, the Court makes the following findings of fact:

On December 14, 1998, Defendant Beckert examined Plaintiff after she tripped, fell, and ran her hand through a glass window. Dr. Beckert did not see any sign of glass in the wound, and he steri-stripped the wound to her thumb. During a follow-up examination on December 17, 1998, Dr. Beckert noted that the thumb wound was healing, and he changed the dressing. Dr. Beckert removed the stitches in her knuckles on December 23, 1998, noting that healing was progressing satisfactorily.

On January 13, 1999, Plaintiff continued to complain of pain in her thumb; therefore, Dr. Beckert referred her to Dr. Burton for consultation, evaluation, and assessment of the injury. Dr. Christopher Bieniek, an orthopedic surgeon specializing in hand surgery, examined Plaintiff on January 20, 1999. He assessed retained foreign bodies, multiple, right thumb; laceration of radial

digital nerve; and possible partial flexor tendon laceration with synovitis. Dr. Beiniek performed surgery on January 25, 1999, consisting of right thumb exploration, removal of glass foreign bodies, tenolysis flexor tendon, repair flexor pollicis longus tendon laceration, microscopic exploration, dissection, and repair of radial digital nerve. On February 9, 1999, Dr. Bieniek referred Plaintiff to Hannibal Regional Hospital for instructions for hand therapy through an exercise program for actual assisted range of motion to her finger.

Dr. Bieniek referred Plaintiff for occupational therapy at Keokuk Area Hospital for instructions in sensory re-education after Plaintiff's March 24, 1999 follow-up examination. On June 22, 1999, Dr. Bieniek examined Plaintiff, who complained of some numbness to her thumb. Plaintiff's MP joint motion was normal, and her IP joint motion was 0 to 70° flexion.

On March 17, 2003[1], Plaintiff filed a medical malpractice Complaint against Defendant Beckert in federal court based on diversity jurisdiction. Plaintiff alleged that Defendant was negligent in his care and treatment by: (1) failing to properly explore her wound before closing it; (2) failing to take and x-ray of her thumb to see if any foreign bodies were present; (3) failing to promptly send her to a hand surgeon, orthopedic surgeon or plastic surgeon to explore the wound; and (4) failing to promptly remove all the glass in Plaintiff's thumb wound. Plaintiff further alleged that her damages

---

[1] At the outset, the undersigned notes that Defendant's Answer raised the affirmative defense that Plaintiff's claim was barred by the two year statute of limitations against healthcare providers. Under Missouri Revised Statute § 516.105, actions against physicians for damages for "malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of . . ." Plaintiff's injury occurred on December 14, 1998, and Dr. Bieniek performed surgery on January 25, 1999. However, she did not file her Complaint until March 17, 2003, over four years later. Because the parties have filed briefs and exhibits pertaining to Defendant's motion summary judgment, the undersigned will fully address that motion. However, the undersigned notes that this case is most likely barred by the statute of limitations in any event.

consisted of: (1) permanent nerve damage to right thumb; (2) substantial sums for past and future medical bills; (3) severe mental and physical pain and suffering in the past and future; (4) lost past wages; and (5) past and future lost enjoyment of life. Plaintiff requests damages in excess of $75,000.00.

Plaintiff's expert, Dr. George Kohake, testified that Dr. Beckert's failure to diagnose foreign bodies in the right thumb led to a worsened outcome than if she had an immediate referral to a hand surgeon. He further opined that the failure to diagnose was based on the inadequate inspection of the wound; inadequate examination of the tendon injury; and failure to obtain and x-ray to identify foreign bodies. In addition, Dr. Kohake stated that Plaintiff's partial laceration to her tendon and the laceration to her nerve probably occurred at the time of the injury. He testified that he would have sent Plaintiff to a hand specialist as soon as possible but that once she was saw a hand specialist, she had to have surgery to remove glass and repair the tendon on the nerve. He further stated that she would have a scar from the laceration and the surgery. Dr. Kohake testified that the only additional surgical procedure required as a result of the January 25, 1999 surgery was the removal of adhesions on the tendon. He opined that the adhesions "occurred probably because of the delay in having surgery done." While there was urgency in doing hand surgery and repair, Dr. Kohake testified that there was no emergency. Dr. Kohake deferred to the hand surgeon, Dr. Bieniek, on the issues of the adhesions and tenolysis surgery and whether they had any effect on Plaintiff's outcome.

Dr. Bieniek completed an Affidavit on January 5, 2005, wherein he testified that Plaintiff's tendon was partially lacerated and her nerve completely lacerated as a result of her thumb injury from putting her hand through a broken glass window. He stated that if Plaintiff had been referred to him on the date of injury, he would have performed the same surgery he performed on January 25, 1999.

3

He further indicated that Plaintiff would have required the same follow-up treatment with physical therapy and occupational therapy. Dr. Bieniek testified that the only additional surgery resulting from performing the surgery on January 25, 1999 instead of December 14, 1998 was a tenolysis to free up adhesions of scar tissue that had formed around the flexor tendon. In addition, he testified that the tenolysis surgery had no effect on Plaintiff's range of motion or sensation in her thumb, as she would have had loss of range of motion even if he performed surgery on December 14, 1998. Dr. Bieniek stated that Plaintiff's numbness in her thumb resulted from the complete severance of the nerve on the date of injury and was not due to the delay in surgery or the tenolysis procedure.

Plaintiff testified during deposition that she experienced constant numbness, pain once every two weeks, and decreased range of motion. She stated that she had trouble with some activities such as buttoning, using and needle, and typing but that there were no activities that she was unable to perform. Plaintiff abandoned her lost wages claim. The cost of the tenolysis surgery was $708.50.

On January 27, 2005, Defendant filed a Motion for Summary Judgment, asserting that there exists no genuine issue of material fact as to causation to make a submissible case of medical negligence against Dr. Beckert because Plaintiff has failed to offer any expert medical testimony on causation. Plaintiff filed her response on February 4, 2005, contending that material issues of fact remain regarding whether the delay in treatment caused Plaintiff's scar tissue and decrease in range of motion and sensation.

**Standard for Ruling on Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). The United States Supreme Court has noted that, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (1986) (quoting Fed. R. Civ. P. 1).

The initial burden of proof is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324.

## **Discussion**

Defendant argues that he is entitled to summary judgment because the facts are not in dispute,

5

and Plaintiff has failed to make a submissible case of medical negligence and causation against Defendant Beckert. Plaintiff, on the other hand, asserts that genuine issues of material fact exist with regard to the causation of Plaintiff's decrease in range of motion and sensation such that summary judgment is not warranted. The undersigned finds that Defendant is entitled to summary judgment in this case.

In medical malpractice claims, federal courts apply the legal standards set forth in Missouri case law. Dugger v. United States, 936 F. Supp. 662, 664 (E.D. Mo. 1996). "Three elements must be established by plaintiff to prove medical malpractice: 1) an act or omission of the defendant failed to meet the required medical standard of care; 2) the act or omission of the defendant was performed negligently; and 3) the act or omission caused the plaintiff's injury." Echard v. Barnes-Jewish Hospital, 98 S.W.3d 558, 565 (Mo. App. 2002) (citation omitted). "To establish causation in fact, the plaintiff must show that [her] injury would not have occurred but for the defendant's negligence." Nadolski v. Ahmed, 142 S.W.3d 755, 761 (Mo. App. 2004) (citation omitted). Where there is a sophisticated injury which requires surgical intervention, expert medical testimony is required. Id. (citation omitted). Further, "[e]xpert testimony is insufficient when an expert 'merely testifies that a given failure to act might or could have yielded a given result.'" Id. (quoting Coon v. Dryden. 46 S.W.3d 81, 90 (Mo. App. 2001)).

Viewing the facts in the light most favorable to the Plaintiff, the evidence shows that Plaintiff cannot establish causation. Defendant's expert testified that the tenolysis procedure did not effect Plaintiff's range of motion or sensation in her thumb and that Plaintiff would have suffered loss of range of motion and sensation in her thumb even if she had surgery on the date of the injury. (Dr. Bieniek Aff., Def. Exh. G, ¶ ¶ 15, 19) In response, Plaintiff's expert, Dr. Kohake, stated that

6

Defendant's examination was inadequate and that Plaintiff did require an additional procedure due to Defendant's failure to diagnose and immediately refer Plaintiff to a hand surgeon. However, he deferred to Defendant's expert on the issues of the adhesions and whether they or the tenolysis surgery had any effect on Plaintiff's outcome. (Dr. Kohake Depo., Def. Exh. F, pp. 27, 49, 53) Indeed, Dr. Kohake was unable to definitively state that the adhesions occurred because of the delay. He simply stated that "she had a lot of adhesions on that tendon that had to be removed, so that was **probably** due -- that occurred **probably** because of the delay in having surgery done." (Dr. Kohake Depo., Def. Exh. F, p. 49) (emphasis added) Thus, Plaintiff's expert was unable to testify regarding causation in this matter, deferring instead to the hand surgeon. "Where an expert's testimony is mere conjecture and speculation, it does not constitute substantive, probative evidence on which a jury could find ultimate facts and liability. Mueller v. Bauer, 54 S.W.3d 652, 656 (Mo. App. 2001) (citation omitted).

     Further, contrary to Plaintiff's assertion, there is no undisputed evidence in the record that the delay caused additional pain and suffering or numbness and decreased range of motion. Dr. Gary Baker, who also testified as an expert for the Defendant, stated that Defendant performed an inadequate examination but that it was "not necessarily below the standard of care." (Pl. Exh. 2, p. 92) Further, while Dr. Baker testified that the diminished range of motion was due to scar tissue, he could not testify to the origin of Plaintiff's scar tissue or to the contributing component of the development of said tissue. (Pl. Exh. 2, pp. 92-93) Review of Dr. Baker's deposition also reveals that he testified that Plaintiff's permanent injury was due to the initial event, not the delay in surgery. (Dr. Baker Depo., Def. Exh. I, p. 73) In addition, Dr. Baker stated that "[t]he examination seemed typical and reasonable for a generalist in my experience." (Dr. Baker Depo., Def. Exh. I, p. 81)

7

The undersigned thus finds that there is no genuine issue of material fact with regard to causation and that Defendant is entitled to summary judgment. As previously stated, a plaintiff must establish the element of causation in order to make a prima facie case of medical malpractice. Echard v. Barnes-Jewish Hospital, 98 S.W.3d 558, 565 (Mo. App. 2002). In the instant case, Plaintiff has failed to present expert testimony to show that her loss in range of motion and sensation in her thumb "would not have occurred but for the defendant's negligence." Nadolski v. Ahmed, 142 S.W.3d 755, 761 (Mo. App. 2004) (citation omitted). Indeed, the only expert testimony in the record regarding causation is from Dr. Bieniek, who specifically stated that Plaintiff's loss of range of motion and numbness in her thumb was not due to any delay in surgery or the performance of the tenolysis procedure. (Dr. Bieniek Aff., Def. Exh. G, ¶¶ 18-21) Because Plaintiff is unable to establish causation through Affidavit or other evidence, Defendant is entitled to judgment as a matter of law. See Mueller v. Bauer, 54 S.W.3d 652 (Mo. App. 2001) (affirming trial court's grant of summary judgment where plaintiffs' could not establish the element of causation because expert testified that he was unable to determine cause of death with reasonable probability).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. #42] is **GRANTED**. An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of July, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| LISA COURTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:03CV20 TIA |
| | ) | |
| DR. J. BECKERT, | ) | |
| | ) | |
| Defendant. | ) | |

## **JUDGMENT**

In accordance with the Memorandum and Order entered on this date,

**IT IS HEREBY ORDERED AND ADJUDGED** that Judgment be entered in favor of the Defendant and against the Plaintiff.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Complaint be **DISMISSED**.

Dated this 13th day of July, 2005.

                                             /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE